UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAWNYA MICHAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV02400 ERW |
| ) | |
| AMERICAN INT'L GROUP, INC. et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff's Motion for Preliminary Injunction [doc. #31], Defendant Disability Reinsurance Management Services, Inc.'s Motion to Stay Proceedings for Further Administrative Review or, Alternatively, Motion to Dismiss for Failure to Exhaust Administrative Remedies [doc. #38], Defendants American International Group, Inc., American International Group, Inc. Long Term Disability Plan, and American International Life Assurance Company of New York's Motion to Stay Proceedings for Further Administrative Review or, Alternatively, Motion to Dismiss for Failure to Exhaust Administrative Remedies [doc. #43], and Plaintiff's Second Motion for Preliminary Injunction [doc. #49]. A hearing was held on May 23, 2006, and the Court heard arguments from the parties on the motions.

### I. BACKGROUND

Plaintiff brings suit pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiff is eligible for participation in a group disability insurance plan ("Plan") by virtue of her former employment. Defendants are the various entities allegedly

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

responsible for the administration and funding of the Plan.[1] The issues raised in the motions currently before the Court primarily involve a particular Plan administrator, Disability Reinsurance Management Services, Inc. ("DRMS"). Prior to August 24, 2005, Plaintiff was determined to be "disabled" under the terms of the Plan and received monthly disability benefits under the Plan. On August 24, 2005, DRMS notified Plaintiff of its initial decision to deny Plaintiff's claim for continued long-term disability benefits. At that time, DRMS informed Plaintiff of the appeal procedures available to her under the terms of the Plan. Plaintiff initiated the appeal process on October 7, 2005, agreeing to have DRMS reconsider and reevaluate her benefit claim on appeal. On November 14, 2005, Plaintiff requested an extension of time to present information and documents in support of her administrative appeal, and DRMS agreed to extend the deadline to January 31, 2006. On December 28, 2005, Plaintiff filed the current lawsuit. On January 31, 2006, Plaintiff submitted additional appeal documents to DRMS.[2]

## II. DISCUSSION

Defendants argue that Plaintiff is not entitled to seek relief in this Court at this time because she has failed to exhaust her administrative remedies under the Plan. Defendants contend that the Court should stay or dismiss this action and remand this matter to DRMS for completion of the

---

[1]Defendant American International Group, Inc. Long Term Disability Plan ("AIG Plan") is alleged to be an employee benefit plan which, until August 24, 2005, provided disability benefits to Plaintiff. Defendant American International Group, Inc. is alleged to be an administrator of the AIG Plan. Defendant American International Life Assurance Company of New York is alleged to have issued a group insurance policy which funds the AIG Plan. Defendant Disability Reinsurance Management Services, Inc. is alleged to be a Plan administrator.

[2]DRMS has suspended its administrative review of the appeal in light of this intervening litigation.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

administrative review process.[3] In opposing Defendants' Motions, Plaintiff states that, because Defendants have refused to produce certain information and documents required to fulfill ERISA's minimum standards for "full and fair" administrative review and a "reasonable claim process," administrative exhaustion is not required and this litigation may proceed.

A. <u>Applicable Law</u>

"When an ERISA benefits plan clearly requires exhaustion, a claimant's failure to exhaust her administrative remedies bars her from seeking relief in federal court." *Norris v. Citibank, N.A. Disability Plan (501)*, 308 F.3d 880, 884 (8th Cir. 2002). "[E]xhaustion of contractual remedies is required in the context of a denial of benefits action under ERISA when there is available to a claimant a contractual review procedure that is in compliance with 29 U.S.C. § 1133[4] and 29 C.F.R.

---

[3]Defendants propose a 150-day stay of the proceedings in this case to allow for completion of the administrative review process under the Plan provisions. Specifically, DRMS proposes that the Court enter an order: (1) granting Plaintiff an additional sixty days to submit to DRMS any further or additional information in support of Plaintiff's administrative appeal of the adverse benefit determination; and (2) grant DRMS forty-five days (or, if special circumstances warrant, up to 90 days, provided DRMS provides notice of any needed extension to Plaintiff) to review Plaintiff's additional information and determine its impact on the prior benefits decision, and conduct such other administrative review and investigation as is necessary to render a final benefit determination.

Because the Court has determined that a 150-day stay is the proper course of action under the circumstances of this case, the Court will not address DRMS' alternative argument regarding dismissal.

[4]Section 1133 states:
In accordance with regulations of the Secretary, every employee benefit plan shall–
(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

§ 2560.503-1(f) and (g).[5]" *Wert v. Liberty Life Assur. Co. of Boston, Inc.*, 447 F.3d 1060, 1063 (8th Cir. 2006). The exhaustion requirement "stems from the sound policy of not wanting courts to review plan administrators' decisions based on initial, often succinct denial letters in the absence of complete records" and serves the purposes of "giving claims administrators an opportunity to correct errors, promoting consistent treatment of claims, providing a non-adversarial dispute resolution process, and decreasing the cost and time of claims resolution." *Id.* at 1066 (internal quotation omitted). The Eighth Circuit has "consistently imposed an exhaustion requirement where there is notice and where there is no showing that exhaustion would be futile." *Id.* at 1065. Accordingly, if a plan fails to provide a reasonable claims procedure, "a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." 29 C.F.R. § 2560.503-1(l). A reasonable claims procedure is one which complies with ERISA's regulatory requirements. *See* 29 C.F.R. § 2560.503-1(b).[6] Importantly, where a claimant has prematurely filed suit, a court may stay proceedings to allow the claimant to complete the administrative review process. *See Galman*

---

[5]The two cited portions of 29 C.F.R. § 2560.503-1 concern the timing of the notification of a benefit determination and the manner and content of that notification. For example, an adverse benefit determination must be made within a certain number of days of receipt of the claim, depending on the type of claim. 29 C.F.R. § 2560.503-1(f). Further, the notice must set forth certain information, including the reasons for an adverse determination and a description of the plan's review procedures. 29 C.F.R. § 2560.503-1(g).

[6]These requirements include provisions related to the timing of the notification of the benefit determination, the manner and content of notification of the benefit determination, the appeal of an adverse benefit determination, the timing of the notification of the benefit determination on review, and the manner and content of the notification of the benefit determination on review. *See* 29 C.F.R. § 2560.503-1(c)-(j).

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*v. Prudential Ins. Co. of Am.*, 254 F.3d 768, 769 (8th Cir. 2001) (stay of proceedings to allow for exhaustion of administrative remedies where claimant filed suit and simultaneously sought administrative appeal).

      B.      <u>Whether Exhaustion is Required in this Case</u>

While Plaintiff acknowledges that administrative exhaustion is the general rule, she argues that, in this case, she is excused from further administrative review. Specifically, Plaintiff argues that DRMS' claims procedure does not comply with minimum ERISA standards because: (1) Defendants have refused to produce certain claims processing guidelines and manuals,[7] credentials of medical examiners and reviewers, billing records, and functional capacity exam literature and validity studies;[8] and (2) Defendants seek to impose an "unlawful multi-step method" to govern the production of the desired claims processing guidelines and manuals. According to Plaintiff, these alleged deficiencies indicate that Defendants have violated the minimum requirements for disclosure and processing of an ERISA claim and, pursuant to 29 C.F.R. § 2560.503-1(l), exhaustion is deemed to have occurred and further exhaustion is not required.

Plaintiff has failed to demonstrate that she should be permitted to proceed with this litigation without first exhausting her administrative remedies. Specifically, Plaintiff has failed to demonstrate that her claims are deemed exhausted due to the Plan's failure to provide her with a reasonable claims

---

[7] Plaintiff acknowledges that Defendants have produced some of these desired guidelines and manuals as part of the administrative record. Plaintiff also acknowledges that Defendants have offered to produce other desired guidelines and manuals, subject to a certain agreement designed to protect the confidentiality of the documents.

[8] Plaintiff also had claimed that Defendants refused to produce a certain insurance policy. At the hearing on this matter, the parties indicated that that policy has now been produced. Therefore, arguments related to the insurance policy will not be addressed herein.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

procedure and a full and fair review. In the cases cited by Plaintiff in support of her argument that she is excused from the exhaustion requirement, courts permitted litigants to proceed without exhaustion for reasons such as a complete failure by the plan to respond to requests for plan documents or a failure by the plan to provide notice of the availability of review. *See, e.g., Conley v. Pitney Bowes, Inc.*, 34 F.3d 714 (8th Cir. 1994) (no exhaustion required due to plan's failure to provide claimant with notice of availability of appeal at time it denied benefits); *Curry v. Contract Fabricators, Inc. Profit Sharing Plan*, 891 F.2d 842 (11th Cir. 1990) (no exhaustion required due to plan's complete failure to respond to request for plan documents to support benefit denial until after plaintiff filed suit), *abrogated on other grounds*, *Murphy v. Reliance Std. Life Ins. Co.*, 247 F.3d 1313 (11th Cir. 2001).[9] The facts of this case differ significantly from the factually distinguishable and comparably harsher circumstances of the cases relied on by Plaintiff in support of her argument.

Further, the Court finds unpersuasive Plaintiff's argument that her claim should be considered deemed exhausted because she is being denied a full and fair review due to an "unlawful multi-step method" proposed by Defendants to govern the disclosure of desired confidential policy manuals and guidelines. The Court notes that Defendants are entitled, and indeed are required, to protect their confidential documents, and the procedure suggested by Defendants for carrying out their obligation appears to be reasonable. Plaintiff has failed to demonstrate that this request by Defendants denies her the opportunity for a full and fair review, and it appears that Plaintiff has made no attempt to offer

---

[9]The other cases cited by Plaintiff do not persuade the Court that an exception to the exhaustion requirement applies in this case. *See Anderson v. Alpha Portland Indus., Inc.*, 727 F.2d 177 (8th Cir. 1984) (exhaustion excused where union in control of contractual remedy but owes no duty of fair representation to the plaintiff); *Amato v. Bernard*, 618 F.2d 559 (9th Cir. 1980) (recognizing failure to exhaust administrative remedies and concluding that no exception applied).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

her own proposal for ensuring the requested documents will remain confidential.[10] Equally unpersuasive is Plaintiff's argument that remand would be futile because she will continue to be denied the minimal ERISA requirements for a full and fair review and a reasonable claims process due to Defendants' refusal to produce certain credentials, billing records, and literature. Defendant has produced its claim file to Plaintiff. There is no indication that Defendant possesses the specific credentials, billing records, and literature to which Defendant insists she is entitled,[11] and, in any event, Plaintiff has failed to demonstrate that the failure to produce such items warrants the application of an exception to the general exhaustion requirement. *Compare, e.g.*, *Back v. Danka Corp.*, 335 F.3d 790, 792 (8th Cir. 2003) (exhaustion excused because claimant was never informed of plan and did not receive a summary plan description).

In this case, Plaintiff specifically requested an administrative appeal of her benefit claim, and she consented to DRMS' reconsideration and reevaluation of her benefit claim. Allowing Plaintiff's suit to go forward at this time will frustrate the completion of the intended review process. As DRMS correctly points out, completion of the administrative review process could result in resolution of this case and, even if no ultimate resolution is reached, the appeal process is necessary so that an administrative record that includes a final benefit determination of Plaintiff's claim can be developed. Because Plaintiff has failed to demonstrate that any other course of action is warranted, this matter

---

[10] Indeed, Plaintiff has offered no non-conclusory and relevant reason, either in her briefing or during the hearing on this matter, why the process proposed by Defendants will deny her full and fair review.

[11] Further, at this time, Plaintiff has failed to persuasively demonstrate, by citation of legal authority or otherwise, that she is entitled to the specific items she seeks.

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

will be stayed to permit Plaintiff to complete the administrative review process.[12]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Disability Reinsurance Management Services, Inc.'s Motion to Stay Proceedings for Further Administrative Review or, Alternatively, to Dismiss Case for Failure to Exhaust Administrative Remedies [doc. #38] and Defendants American Internatl Group, Inc., American International Group, Inc. Long Term Disability Plan, and American International Life Assurance Company of New York Motion to Stay Proceedings for Further Administrative Review or, Alternatively, to Dismiss Case for Failure to Exhaust Administrative Remedies [doc. #43] are **GRANTED**. This matter shall be stayed for up to 150 days while Plaintiff exhausts her administrative remedies. This stay extends to all matters except the subpoena power of the Court. Plaintiff shall have 60 days from the date of this Order in which to submit any additional information to DRMS in support of her benefit claim and appeal. Thereafter, DRMS shall have 45 days, or up to a maximum of 90 days if special circumstances require additional time and DRMS notifies Plaintiff of the extension, in which to review Plaintiff's submission, conduct any additional investigation and render a final benefit determination. After DRMS renders its final benefit determination, or on the date which is 150 days from the date of this Order, whichever occurs first, the parties shall file a status report with the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction [doc. #31] is **DENIED as moot** at this time. Plaintiff must exhaust her administrative remedies before pursuing

---

[12]Because the Court has determined that Plaintiff must exhaust her administrative remedies before pursuing relief in this Court, Plaintiff's request for injunctive relief will be denied as moot at this time. After the administrative review process has been completed, Plaintiff may pursue any relief to which she believes she is entitled.

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

her claims in this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion for Preliminary Injunction Seeking Production of Information and Documents [doc. #49] is **WITHDRAWN**. Plaintiff withdrew said Motion on May 18, 2006.

Dated this 20th day of June, 2006.

_E. Richard Webber_

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com