UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAWNYA MICHAEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV02400 ERW |
| | ) |
| AMERICAN INT'L GROUP, INC. et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Disability Reinsurance Management Services' Motion for Reconsideration [doc. #76].

On June 20, 2006, this Court issued an Order staying this action for 150 days to allow for completion of the administrative review of Plaintiff's Employee Retirement Income Security Act ("ERISA") disability benefit claim. The Court's Order granted Plaintiff sixty days to submit any additional information to Disability Reinsurance Management Services, Inc. ("DRMS") in support of her benefit claim and appeal. Thereafter, within forty-five days, or up to a maximum of ninety days if special circumstances required additional time, Defendants were ordered to review Plaintiff's additional information, conduct any investigation and render a final benefit determination. On November 28, 2006, the Court ordered the parties to submit a status report. The parties disagreed as to why the case was not moving forward.

On December 28, 2006, the Court issued a show cause order why the case should not be dismissed without prejudice. Plaintiff filed a response stating that the pending appeal, before the Eighth Circuit, of this Court's June 20, 2006 Order denying an injunction to enforce ERISA's

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

minimum requirements for an administrative appeal, divested this Court of jurisdiction to Dismiss Count II of Plaintiff's Complaint.[1] As to Count III of Plaintiff's Complaint, Plaintiff claimed that this Court maintained jurisdiction to consider the issue of the denial of disability benefits as Defendants have failed and refused to issue a final benefit determination.

On January 23, 2007, this Court conducted a status conference to further consider this matter. During the status conference, Plaintiff again argued that this Court maintained jurisdiction to consider Count III of her complaint because it was not appealed to the Eighth Circuit. Defendants did not, at that time, dispute Plaintiff's claim regarding this Court's jurisdiction over Count III. Instead, Defendants claimed that it did not undertake an administrative review of Plaintiff's claim because Plaintiff failed to certify that she did not intend to submit additional documentation in support of her benefit claim and appeal. After considering the parties arguments, this Court found that Defendants failed to render a final benefit determination on Plaintiff's benefit claim by August 21, 2006, in contravention of the Court's June 20, 2006 Order and therefore "Plaintiff shall be deemed to have exhausted the administrative remedies available under the [group disability insurance] plan" and may now seek relief in the Court. February 20 Order at 2.

In Defendant DRMS's Motion for Reconsideration, it asks the Court to reconsider its February 20 Order, contending that this Court should reverse its "deemed denied" ruling because Plaintiff's Eighth Circuit appeal of this Court's June 20, 2006 stay and injunction Order effectively suspended this Court's jurisdiction of all matters relating to that Order, including the

---

[1] On January 10, 2007, the Eighth Circuit granted appellees' joint motion to dismiss the appeal.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

administrative review of Plaintiff's claim. A motion for reconsideration under Federal Rule of Civil Procedure 59(e), is intended "to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Rule 59(e) motions are not proper vehicles to tender new legal theories or raise arguments which could have been, but were not raised or adduced during the pendency of the motion of which reconsideration is sought. *Id*. at 414. In this case, Defendant DRMS failed, in its papers and in the status conference on this matter, to question the Court's jurisdiction over Count III of Plaintiff's Complaint. Defendant DRMS cannot, for the first time, raise such an argument here.

Furthermore, Defendant DRMS's reiteration of its argument, that Plaintiff failed to inform it that she did not intend to submit further documentation in support of her benefit claim and appeal, cannot serve as the basis to alter or amend the Court's February 20 Order. Defendant DRMS has not identified any manifest errors of law or fact and therefore is not entitled to the relief it seeks.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Disability Reinsurance Management Services' Motion for Reconsideration [doc. #76] is **DENIED**.

**IT IS FURTHER ORDERED** that, in light of the Court's ruling on Defendant DRMS's Motion for Reconsideration, Plaintiff's Motion to Strike [doc. #83] is **DENIED, as moot**.

Dated this 31st day of July, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com