| | | |
|---|---|---|
| TAWNYA MICHAEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV02400 ERW |
| | ) | |
| AMERICAN INTERNATIONAL | ) | |
| GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Combined Motion for Further Statutory Penalties for Failure to Produce Correct Administrative Services Contract as Ordered by the Court [doc. #135] and Plaintiff's Combined Second Motion for Further Statutory Penalties for Failure to Produce Documents [doc. #140]. A hearing was held on November 4, 2008, and the Court heard arguments from the Parties on the pending Motions.

In their Motion for Summary Judgment, Defendants asserted that an Administrative Services Agreement ("Agreement") delegated discretionary authority from the AIG Defendants to Defendant DRMS. The Court found that the Agreement was subject to ERISA disclosure requirements, and ordered Defendants to produce the Agreement. Plaintiff filed the pending Motions after reviewing the Agreement and concluding that appendixes, addenda, and a 'Treaty' referenced in the agreement had not been disclosed to Plaintiff. Plaintiff states that these documents should have been disclosed because they are instruments under which the plan is operated and because they are part of the Agreement. Defendant has now disclosed several of the documents that were initially at issue, however, has not yet disclosed the Treaty. Plaintiff asks that the Court impose statutory penalties for Defendants' late disclosure of appendixes and

addenda to the Agreement, and for Defendants' continued failure to produce the Treaty. Additionally, Plaintiff asks that the Court order Defendants to disclose the Treaty.

The Court finds that the Treaty referenced in the Administrative Services Agreement shall be disclosed in open court for review by Mr. Potashnick. After Mr. Potashnick reviews the Treaty and is convinced that it might be considered an ERISA document, he shall notify the Court before relying on the Treaty in filing for future relief in this Court or on making any reference to it whatsoever outside his office. Mr. Potashnick has assured the Court that he will not disclose the Treaty or any information pertaining to it to any third party.

After receipt by Mr. Potashnick, he shall, under seal, advise the Court and respective counsel of any potential for use of the Treaty in this litigation. Thereafter, the Court shall set a hearing to determine the scope for which this Treaty may be used, if at all, and consider whether briefing shall be permitted before the Treaty be used for any purpose.

The Court has considered Plaintiff's arguments for further statutory penalties. The Court finds that counsel's representation of Defendant's good faith effort, the minimal delay in production, and the absence of prejudice to Plaintiff requires that the accumulation of penalties be deemed to conclude upon production of the Agreement on September 25, 2008.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Combined Motion for Further Statutory Penalties for Failure to Produce Correct Administrative Services Contract as Ordered by the Court [doc. #135] and Plaintiff's Combined Second Motion for Further Statutory Penalties for Failure to Produce Documents [doc. #140] are **GRANTED, in part** and **DENIED, in part.** Defendants must disclose the Treaty subject to the limitations enumerated above, however, the

accumulation of statutory penalties is deemed to have concluded upon production of the

Agreement on September 25, 2008.

Dated this 5th Day of November, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE